IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02638-REB-MJW

HOSANNA IKNER,

Plaintiff,

v.

UPS,

Defendant.

---

**RECOMMENDATION
THAT THIS ACTION BE DISMISSED BASED UPON THE PLAINTIFF'S
FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY
WITH COURT ORDERS**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on November 12, 2009. (Docket No. 2).

The pro se plaintiff was present in person for a Status Conference held on January 21, 2010. During that conference, the court set a Rule 16(b) Scheduling Conference for March 2, 2010, at 9:30 a.m. (Docket No. 5). Plaintiff thus had actual notice of the Rule 16 Conference since she was present at the January 21 conference. In addition, a copy of the Minutes of the January 21 hearing, which also set the March 2 conference date and time (Docket No. 5), was sent to the plaintiff and was not returned to the court by the U.S. Postal Service. On March 2, the court waited until 9:39 a.m. to

call the case to give the plaintiff time to appear, but she failed to appear as directed. In addition, plaintiff did not move for a continuance, telephone the court, or otherwise contact the court with respect to the March 2 hearing. The court attempted to reach the plaintiff at the telephone number provided in court records but was not successful in contacting the plaintiff. The court noted that it was sunny and clear at the time of the conference, and the roads were clear.

This court thus issued an Order to Show Cause and Order Resetting Scheduling Conference in which the court set a Show Cause Hearing and reset the Rule 16 Conference for March 30, 2010, at 9:00 a.m. Plaintiff was directed to appear in person for that conference and hearing. Plaintiff was warned of the possible consequences if she did not appear as directed. In addition, the parties were ordered to submit a revised proposed scheduling order on or before March 25, 2010, and the plaintiff was directed to cooperate with defense counsel with the preparation of the revised proposed scheduling order. A copy of that Order (Docket No.10 ) as well as the court's Courtroom Minutes/Minute Order (Docket No. 9) in which the conference date and time was also set were mailed to the plaintiff. That mailing was not returned to the court as undeliverable by the U.S. Postal Service.

On March 25, 2010, defendant filed a Notice Concerning Filing Revised Proposed Scheduling Order (Docket No. 11) in which defendant explained why a revised scheduling order was not being filed. Defense counsel stated that following the March 2nd conference, attempts were made to contact plaintiff through telephone calls, e-mails, and a written letter. More specifically, two voice-mail messages were left for plaintiff to call regarding the scheduling order. In addition, three e-mails were sent, as

well as a letter via UPS. Plaintiff, however, did not respond to defendant's requests to call or otherwise get in touch.

On March 30, 2010, this court called the case at 9:11 a.m. Once again, plaintiff failed to appear as directed. In addition, she did not move for a continuance, telephone the court, or otherwise contact the court with respect to the conference. Plaintiff still had not appeared at the time the court went into recess at 9:18 a.m. Defense counsel once again appeared as directed. The court notes that it was sunny and clear at the time of the conference, and the roads were clear.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and that pursuant to Fed. R. Civ. P. 16(f)(2), the plaintiff be directed to pay the defendant's reasonable attorney fees and costs based upon the plaintiff's failure to appear at the two conferences.

Dated:   March 30, 2010                      s/ Michael J. Watanabe
         Denver, Colorado                    Michael J. Watanabe
                                             United States Magistrate Judge